Matter of Aiyana F. (Danielle B.)

2026 NY Slip Op 03164

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Aiyana F. (Anonymous). Suffolk County Department of Social Services, respondent; Danielle B. (Anonymous), appellant. (Proceeding No. 1)

In the Matter of Naomi F. (Anonymous). Suffolk County Department of Social Services, respondent; Danielle B. (Anonymous), appellant. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2023-10206, (Docket Nos. N-2420-21, N-2421-21)

Betsy Barros, J.P.

Valerie Brathwaite Nelson

Laurence L. Love

Susan Quirk, JJ.

Salvatore C. Adamo, New York, NY, for appellant.

Christopher J. Clayton, County Attorney, Central Islip, NY (Jayne M. St. James of counsel), for respondent.

Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated September 26, 2023. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject children.

ORDERED that the order of fact-finding is affirmed, without costs or disbursements.

In March 2021, the petitioner, Suffolk County Department of Social Services, commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children. In September 2021, the petitioner filed an amended petition, alleging that the mother neglected the children by failing to address her mental health issues, by failing to obtain appropriate mental health treatment for one of the children, and by failing to provide the children with an adequate education. After a fact-finding hearing, the Family Court found that the mother neglected the children. The mother appeals.

"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject children have been abused or neglected" (Matter of Chance F. [Roy F.], 238 AD3d 1037, 1037; see Matter of Destiny R. [Rene G.], 212 AD3d 629, 630). "[W]hile parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect" (Matter of David J. [Danielle J.], 236 AD3d 786, 788-789 [internal quotation marks omitted]; see [*2]Matter of Rayvin G. [Arlasha G.], 237 AD3d 933, 935). However "such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Moshae L. [Angela J.], 237 AD3d 821, 824 [internal quotation marks omitted]; see Matter of Justin Noah O. [Ruth S.], 239 AD3d 983, 983).

"To establish neglect based upon a parent's failure to provide adequate medical care, a petitioner must prove, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired" and "that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in supplying the child with adequate medical care, though financially able to do so" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d 795, 796; see Family Ct Act §§ 1012[f][i][A]; 1046).

"To establish educational neglect, a petitioner is required to prove . . . that a child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired due to the parent's failure to exercise a minimum degree of care in providing the child with an adequate education" (Matter of Tim C. [Rizalina C.], 185 AD3d 1021, 1022 [internal quotation marks omitted]; see Matter of Nevetia M. [Tiara M.], 184 AD3d 836, 837).

Here, the petitioner established by a preponderance of the evidence that the mother neglected the children. The petitioner's evidence demonstrated that the mother's untreated mental illness caused the children to be placed at imminent risk of harm (see Matter of Lamech B.-I. v Pauline R., 240 AD3d 588, 589; Matter of Joseph Bruce I. [Joseph A.I.], 185 AD3d 930, 932). The petitioner also met its prima facie burden of establishing medical neglect by submitting evidence that the mother's failure to adequately address one of the children's mental health issues caused that child to be placed at imminent risk of harm (see Matter of Deanna R.G. [Rajkumare B.], 83 AD3d 1064, 1064-1065; Matter of Ijeoma O., 271 AD2d 691, 692). The petitioner further met its prima facie burden of establishing educational neglect by submitting unrebutted evidence of the children's excessive school absences and failing grades (see Matter of Lamech B.-I. v Pauline R., 240 AD3d at 590; Matter of Nevetia M. [Tiara M.], 184 AD3d at 837). The mother did not offer any evidence in support of a reasonable justification for the children's absences or failing grades.

Accordingly, the Family Court properly found that the mother neglected the children.

BARROS, J.P., BRATHWAITE NELSON, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court